IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JUDITH RUIZ,

    PLAINTIFF,

v.                                            CIVIL ACTION NO.

GABY FOOD SERVICES, INC.,

    DEFENDANT.

## COMPLAINT

**I. JURISDICTION**

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* District Court jurisdiction exists pursuant to 29 U.S.C. §§ 215(a)(3) and 217 and 28 U.S.C. § 1331. The jurisdiction of this Court is invoked to secure the protection and redress the deprivation of rights secured by the FLSA.

**II. PARTIES**

2. Plaintiff, Judith Ruiz (hereinafter "Plaintiff") is a resident of Fultondale, Jefferson County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this case. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1).

1

Thus pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Southern Division.

3. Defendant GABY FOOD SERVICES, INC., (hereinafter "Defendant"), is a company registered and doing business in the State of Alabama. Therefore, this Court has personal jurisdiction over Defendants. Defendant is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), 203(s).

## III. STATEMENT OF FACTS

4. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-3 above.

5. Defendant hired Plaintiff on or about May 11, 2014.

6. Defendant terminated Plaintiff's employment on or about August 24, 2016.

7. Defendant employed Plaintiff as a server.

8. During the majority of the employment relationship, Defendant scheduled Plaintiff to work approximately five and a half days per week.

9. Plaintiff worked the lunch and diners shifts and generally commenced her day between 10:30 a.m. and 10:40 a.m. each day.

10. Defendant prohibited Plaintiff from clocking-in until 11:00 a.m. each day.

11. Beginning with her arrival time each day until the 11:00 a.m. clock-in time, Defendant required Plaintiff to perform side work to prepare the restaurant for customer service each and every day.

12. Plaintiff performed the lunch side work without being compensated at the reduced minimum wage of $2.13 per hour or the regular minimum wage of $7.25 per hour.

13. Plaintiff clocked out at approximately 1:30 p.m. to conclude the lunch shift.

14. Plaintiff returned to work at approximately 5:00 p.m. each day to commence the dinner shift.

15. Defendant prohibited Plaintiff from clocking-in for the dinner shift until 5:15 p.m.

16. From 5:00 p.m. to 5:15 p.m., Defendant required Plaintiff to perform side work to prepare the restaurant for the dinner shift.

17. Plaintiff performed the dinner side work without being compensated at the reduced minimum wage of $2.13 per hour or the regular minimum wage of $7.25 per hour.

18. At the conclusion of each shift, Defendant required all servers to cash out their tips.

19. Defendant required Plaintiff to pay a 10% fee for credit card processing expenses.

IV. **COUNT ONE – FLSA – Off-the-Clock Work**

20. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-19 above.

21. Defendant required Plaintiff to perform work off-the-clock that was unpaid prior to the beginning of each and every lunch shift.

22. Defendant required Plaintiff to work off-the-clock for approximately 15 minutes each day prior to the commencement of each and every dinner shift.

23. Defendant's management directed Plaintiff to perform this work off-the-clock.

24. Defendant required Plaintiff to perform the lunch and dinner side work without being compensated at the reduced minimum wage of $2.13 per hour or the regular minimum wage of $7.25 per hour.

25. As a result of Defendant's willful violations of the FLSA, Plaintiff has suffered loss of pay and benefits.

V. **COUNT TWO – FLSA – Violation of 29 U.S.C. § 203(m)**

26. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-25 above.

27. Defendant required Plaintiff, as a server, to cash out each of her tips at the conclusion of each and every shift.

28. Defendant required that Plaintiff pay the credit card processing fees.

29. Defendant required Plaintiff to pay 10% of her tips to cover the credit card processing expense.

30. Upon information and belief, Defendant's credit card processing fees range from 1.5% to 4% for each and every transaction.

31. Defendant has improperly required Plaintiff to pay anywhere from 6% to 8.5% of her earned tips in violation of 29 U.S.C. § 203(m).

32. Defendant's actions invalidate the tip credit provision of 29 U.S.C. § 203(m).

33. Upon information and belief, Defendant has violated the FLSA by not allowing a tipped employee to retain all of her earned tips and fees.

34. As a result of Defendant's willful violations of the FLSA, Plaintiff has suffered loss of pay and benefits.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for the following relief:

A. The Court issue proper process to compel Defendant to answer or otherwise plead to the allegations contained in the Complaint;

B. This Court award Plaintiff the amount of her back overtime pay, plus an additional equal amount as liquidated damages; nominal damages; and special damages;

C. That Plaintiff be granted judgment against Defendant for all reasonable attorneys' fees, costs, disbursements and interest; and

D. For such other and further relief as this Court deems equitable, proper and just.

_____
David R. Arendall

_____
Allen D. Arnold

OF COUNSEL:
ARENDALL & ARNOLD
2018 Morris Avenue, Third Floor
Birmingham, AL 35203
205.252.1550 – Office
205.252.1556 – Facsimile

**SERVE DEFENDANT AT:**

Gaby Food Services, Inc.
c/o Agent for Service of Process
Robert Medina
350 Hollywood Blvd.
Birmingham, AL 35209