# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| JUDITH RUIZ, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 2:16-cv-01616-JHE |
| GABY FOOD SERVICES, INC., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION[1]

Plaintiff Judith Ruiz and Defendant Gaby Food Services, Inc. jointly move for approval of their settlement agreement, (doc. 18), which in part represents the resolution of a disputed matter under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). (*Id.*). For the reasons set forth below, the court approves the parties' settlement.

## I. Background Facts

Ruiz filed this action on September 30, 2016, alleging she was deprived of a lawful minimum wage for hours worked in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq.* (Doc. 1). Specifically, Ruiz contends the defendant deducted credit card fees in excess of the fee charged by the credit card servicer and maintained a tip-sharing pool that violated the "tip credit" allowances provided by the FLSA. (*Id.*). The defendant filed an answer to the complaint, (doc. 7), and the parties engaged in discovery. However, recognizing and

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 13).

1

acknowledging the expense in time and money of litigation, the uncertainty and risk of litigation, as well as the difficulties and delays inherent to such litigation, the parties have reached a settlement of this action, the terms of which are contained in the "Settlement Agreement, General Release and Waiver of Judith Ruiz's Claims" ("the Agreement").   (Docs. 18 at ¶¶ 2-3 & 18-2).

Under the Agreement, the defendant has agreed to pay Ruiz a specified amount to settle her FLSA claims regarding the dispute over improper deduction of credit card fees in relation to the function of Defendant's tip pool and attorney's fees and costs to Ruiz's counsel.[2] Specifically, Ruiz is to receive $ 3,750.00 representing unpaid wages and $ 3,750.00 representing liquidated damages.   (Doc. 18-2 at ¶ 1.a.(1)).   Ruiz's counsel will receive $ 7,500.00.   The parties stipulate and agree the terms set forth in the Agreement constitute a fair and reasonable resolution of a *bona fide* dispute.   (Doc. 18 at ¶¶ 3-4).

## II. Analysis

If an employee proves his employer violated the FLSA, the employer must remit to the employee all unpaid wages or compensation, liquidated damages in an amount equal to the unpaid wages, a reasonable attorney's fee, and costs. 29 U.S.C. § 216(b). "FLSA provisions are mandatory; the 'provisions are not subject to negotiation or bargaining between employer and employee.'" *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009) (quoting *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982)). "Any amount due that is not in dispute must be paid unequivocally; employers may not extract valuable concessions in

---

[2] Additionally, as Ruiz has a pending Charge of Discrimination filed with the Equal Opportunity Employment Commission ("EEOC") and the Agreement includes consideration for the dismissal of this Charge, the additional consideration and payments for the settlement of this non-FLSA charge were included in the Agreement, but separated with specific amounts redacted. (*See* doc. 18-2).

return for payment that is indisputably owed under the FLSA." *Hogan v. Allstate Beverage Co., Inc.*, 821 F. Supp. 2d 1274, 1282 (M.D. Ala. 2011).   Consequently, parties may settle an FLSA claim for unpaid wages only if there is a bona fide dispute relating to a material issue concerning the claim.

In *Lynn's Food Stores, Inc. v. United State*s, 679 F.2d 1350, 1355 (11th Cir. 1982), the Eleventh Circuit stated there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. The primary focus of a court's inquiry in determining whether to approve an FLSA settlement is to ensure that an employer does not take advantage of its employees in settling their claim for wages and other damages due under the statute. *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 714, 719 (E.D. La. 2008).

Here, the parties have a legitimate dispute as to the merits of the case; specifically, Ruiz contends the defendant violated the FLSA by failing to pay minimum wage for all hours worked and the defendant disputes Ruiz's factual allegations that she worked the hours claimed and contends no impermissible deductions were made that would nullify Defendant's use of the FLSA "tip-credit."   (*See* doc. 18 at ¶ 7).   Defendant's settlement offer (as set out in the terms above) is an appropriate amount for the disputed unpaid wages. The proposed settlement agreement also contains agreed-upon attorney's fees and costs amount.   Ruiz's attorney's fees were negotiated at arm's length and the defendant agrees that the agreed upon amount is fair and reasonable for the FLSA claim. (Doc. 18 at ¶ 16). "Where the attorney's fee was agreed upon separately, without

3

regard to the amount paid to the plaintiff, then 'unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.'" *Davis v. The Filta Group, Inc.*, 2010 WL 3958701, *2 (M.D. Fla. Sept. 20, 2010) (quoting *Bonetti v. Embarq Mgmt. Co.*, 2009 WL 2371407, *5 (M.D. Fla. Aug. 4, 2009)). Because the parties represent the attorney's fee was separately negotiated, (doc. 18 at ¶¶ 16-18), the court concludes Ruiz's recovery was not affected by the amount of the attorneys' fee. The court has considered the amount of the fee and finds it to be reasonable.

### III. Conclusion

The court finds Ruiz's FLSA claims represent a bona fide dispute over FLSA provisions and the parties' settlement is a fair and reasonable resolution of these bona fide disputes.

Therefore, the parties' Joint Motion for Approval of Settlement (doc. 18) is **GRANTED**, and the settlement is **APPROVED**.   A separate order will be entered.

DONE this 26th day of September, 2017.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE